**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1089-20

YUSUF IBRAHIM,
a/k/a YUSEF IBRAHIM,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted January 24, 2022 – Decided February 9, 2022

Before Judges Fasciale and Firko.

On appeal from the New Jersey Department of Corrections.

Yusuf Ibrahim, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Niccole L. Sandora, Deputy Attorney General, on the brief).

PER CURIAM

Yusuf Ibrahim, an inmate currently incarcerated in the State's correctional system, appeals from a final determination of the New Jersey Department of Corrections (NJDOC) imposing disciplinary sanctions, after a hearing officer found he committed prohibited act *.402, being in an unauthorized area, in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

I.

On October 19, 2020, during Ibrahim's morning shift commencing at 4:00 a.m. in the west compound cookhouse, he left the cookhouse area during the count without notifying the cookhouse officer or the area supervisor. Ibrahim was charged with prohibited act *.502, interfering with the taking of the count, in violation of N.J.A.C. 10A:4-4.1(a).

On October 20, 2020, a corrections sergeant served the charge on Ibrahim, investigated the charge, found it had merit, and referred the matter to a hearing officer for further action. The disciplinary hearing was originally scheduled for October 22, 2020, but was adjourned several times in order to obtain additional evidence. Ibrahim requested and was granted the assistance of a counsel substitute pursuant to N.J.A.C. 10A:4-9.12. According to Ibrahim, Sergeant Foy ordered him to return to the unit. Sergeant Foy denied ordering Ibrahim to return to his cell. Protocol requires inmates working in the cookhouse to be escorted

2

back to their cells as a security measure. Lieutenant Lenz and Officer Robino stated Ibrahim never advised them he was leaving the cookhouse area on the date in question.

On October 30, 2020, the disciplinary hearing was conducted before Disciplinary Hearing Officer (DHO) Cortes. Following review of the evidence and reports, DHO Cortes amended the charge to *.402. At the hearing, Ibrahim provided a statement claiming he was ordered by Sergeant Foy to return back to the unit. Nonetheless, Ibrahim pled guilty to amended charge *.402. Ibrahim was offered and declined the opportunity to call witnesses and the opportunity to confront or cross-examine adverse witnesses.

DHO Cortes found Ibrahim guilty of charge *.402 and imposed the following sanctions: sixty days' loss of commutation time; twenty days' loss of phone privileges; and twenty days' loss of television privileges. Ibrahim was also terminated from his position in the cookhouse. The DHO stated Ibrahim "appeared to accept some responsibility for his actions, evidenced by his statement [and] plea of guilt to the amended charge," and granted him "some leniency." However, the DHO noted Ibrahim "must still be accountable for his actions, as when an [inmate] provides an ID to an [o]fficer, he must remain in the area or ask permission to leave the area."

A-1089-20

Ibrahim filed an administrative appeal. On November 13, 2020, Assistant Superintendent Nathan upheld the DHO's decisions. This appeal followed.

On appeal, Ibrahim presents the following arguments:

POINT I

CHARGE WRITTEN BY ONE OFFICER FOR FOLLOWING THE ORDERS OF ANOTHER.

POINT II

FIRING ME FROM MY JOB FOR COMPLAINING ABOUT AN OFFICER'S MISCONDUCT AMOUNTS TO RETALIATION FOR ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT.

POINT III

PLACING ME IN ISOLATED CONFINEMENT WAS CONTRARY TO [N.J.A.C.] 10A:4-5.1 AND THE ISOLATED CONFINEMENT RESTRICTION ACT (ICRA):[1] PREHEARING ISOLATION (BY ANY NAME: PHD, PHDH) IS RESERVED ONLY FOR VIOLENCE OR ESCAPE ATTEMPTS. ALL LESSER CHARGES DEMAND THAT INMATES REMAIN IN GENERAL POPULATION PENDING A DISCIPLINARY HEARING. (Not raised below).

II.

The scope of our review of a final decision of an administrative agency is "severely limited." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8,

---

[1] N.J.S.A. 30:4-82.5 to -82.11.

A-1089-20

27 (1994) (citing Gloucester Cnty. Welfare Bd. of N.J. Civ. Serv. Comm'n, 93 N.J. 384, 390 (1983)). We "can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." Ibid.

In an appeal from a final decision of the NJDOC in a prisoner disciplinary matter, we consider whether there is substantial credible evidence in the record to support the NJDOC's decision that the prisoner committed the prohibited act. See Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). We also must consider whether, in making its decision, the NJDOC followed the regulations governing prisoner disciplinary matters, which were adopted to afford prisoners the right to due process. See McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995).

We are convinced there is sufficient credible evidence in the record to support the NJDOC's decision that Ibrahim committed prohibited act *.402 in violation of N.J.A.C. 10A:4-4.1(a). Here, the record shows Ibrahim received notice of the charge against him more than twenty-four hours in advance of the hearing as required by Avant v. Clifford, 67 N.J. 496, 525 (1975). Ibrahim provided a statement claiming he was ordered to return to his cell but pled guilty

to the amended *.402 charge. His counsel substitute approved of the guilty plea by executing line sixteen of the adjudication report, acknowledging lines one through fifteen of the report were accurate. Therefore, we conclude Ibrahim was not deprived of his right to confrontation and cross-examination. To the contrary, he was afforded the right but chose not to request the opportunity to cross-examine witnesses or present his own witnesses to challenge any testimony and pled guilty to an amended charge instead.

For the first time on appeal, Ibrahim argues he was denied due process because the DHO was not an impartial tribunal and should have recused herself based upon an unrelated lawsuit. "Normally, we do not consider issues not raised below at an administrative hearing." In re Stream Encroachment Permit, 402 N.J. Super. 587, 602 (App. Div. 2008) (citing Bryan v. Dep't of Corr., 258 N.J. Super. 546, 548 (App. Div. 1992)); see also Zaman v. Fellon, 219 N.J. 199, 226-27 (2014). Although Ibrahim has not advanced any facts in support of the argument framed in his brief or in a point heading, we have considered his belated contention and conclude his argument lacks merit.[2] Here, the DHO afforded due process to Ibrahim as evidenced by complying with the procedural

---

[2] Rule 2:6-2(a)(6) provides "[t]he legal argument of appellant . . . shall be divided, under appropriate point headings, distinctively printed or typed, into as many parts as there are points to be argued."

safeguards set forth in <u>Avant</u>. Moreover, the DHO postponed the hearing several times to allow additional information to be obtained, and she gave detailed findings relative to amended charge *.402 and for the sanctions she imposed.

Also for the first time on appeal, Ibrahim contends he was unlawfully fired from his cookhouse job, washing pots and pans, and delivering water coolers to the rotunda area, in retaliation for the incident. Again, we are unpersuaded. The record shows Ibrahim did not lose his cookhouse job because of the *.402 charge, and he has presented no evidence to the contrary. And, N.J.A.C. 10A:13-3.1 provides that inmates shall be assigned jobs commensurate with their needs and consistent with their physical and mental abilities. Hence, we discern no error.

Finally, we address Ibrahim's argument that he was unlawfully confined in isolated prehearing housing, instead of remaining in general population, in contradiction of N.J.A.C. 10A:4-5.1 and the ICRA. Due process rights that must be afforded to inmates are codified in a comprehensive set of NJDOC regulations, N.J.A.C. 10A:4-9.1 to -9.28. The "regulations strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." <u>Williams v. N.J. Dep't of Corr.</u>, 330 N.J. Super. 197, 203 (App. Div. 2000) (citing <u>McDonald</u>, 139 N.J. at

202).   Under those regulations, "[i]nmates confined in [p]rehearing [d]isciplinary [h]ousing shall receive a hearing within three calendar days of their placement in disciplinary housing, including weekends and holidays, unless there are exceptional circumstances, unavoidable delays, or reasonable postponements."  N.J.A.C. 10A:4-9.8(c).

In the matter under review, the incident occurred on October 19, 2020, and the initial disciplinary hearing was scheduled three days later—October 22, 2020, in compliance with N.J.A.C. 10A:4-9.8(c).  Being originally charged with *.502, Ibrahim was deemed ineligible for general pre-hearing disciplinary housing and placed in a restorative housing unit pending his hearing. Reasonable postponements of the hearing were granted by the DHO, and therefore, Ibrahim was not unlawfully confined prior to his disciplinary hearing.

Here, Ibrahim was accorded all of the due process to which he was entitled.  He received written notice of the charges, a disclosure of the evidence that was presented, an opportunity to be heard and to present witnesses, the right to confront and cross-examine witnesses, a neutral hearing officer, a written statement of the evidence relied upon, and the reasons for the discipline.  Also, the sanctions imposed by the hearing officer were proportionate to the offense

 A-1089-20

and were amply supported by the record. We find no reason to disturb the final agency determination.

Ibrahim's remaining arguments lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1089-20